

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:JDL
F.#2010R01682/OCDETF#NY-NYE-645

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 26, 2012

By ECF and Hand

The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Michael Hosny Gabriel
           Criminal Docket No. 10-588 (JBW)

Dear Judge Weinstein:

      This letter is submitted pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), and its progeny to alert the Court to a potential conflict of interest on the part of Diane Ferrone, Esq., retained counsel for defendant Michael Hosny Gabriel. The potential conflict of interest arises from the fact that Ms. Ferrone has recently filed an application for employment as an Assistant U.S. Attorney ("AUSA") in the United States Attorney's Office for the Eastern District of New York (the "Office"). In light of Ms. Ferrone's application for employment at the office prosecuting the defendant, the government requests that the Court make appropriate inquiries of the defendant and conduct a Curcio hearing to determine whether the defendant wishes to knowingly and voluntarily waive his right to conflict-free counsel. Sentencing in this case is scheduled for June 28, 2012, at 10:30 a.m.

I.    Background

      On March 5, 2010, the defendant was arrested on a complaint charging him with conspiracy to distribute Adderall, in violation of 21 U.S.C. § 846. On July 30, 2010, Roland G. Riopelle and Ms. Ferrone filed notices of appearance to represent the defendant in this case. On September 8, 2010, the defendant pleaded guilty before the Hon. Robert M. Levy, United States Magistrate Judge, to conspiracy to distribute Adderall. Ms. Ferrone has advised the undersigned AUSA by letter of her application to the Office.

I.   <u>Legal Standard</u>

When a court has been informed of the possibility of a defense counsel's conflict of interest, it has a threshold obligation to "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." <u>United States v. Levy</u>, 25 F.3d 146, 153 (2d Cir. 1994).  If the district court determines that the defense counsel has an actual or potential conflict, the court has a "disqualification/waiver obligation" to determine whether the conflict is so severe as to obligate the court to disqualify the attorney or is instead a lesser conflict that can be waived in a <u>Curcio</u> hearing.  <u>United States v. Kliti</u>, 156 F.3d 150, 153 (2d Cir. 1998) (internal quotation marks omitted).  A district court "must be allowed substantial latitude in refusing waivers of conflicts of interest . . . where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  <u>Wheat v. United States</u>, 486 U.S. 153, 163 (1988).

II.  Ms. Ferrone's Application to the Office and
     <u>Simultaneous Defense of Gabriel Create a Potential Conflict</u>

The government submits that Ms. Ferrone's application for employment at the Office creates a potential conflict of interest.  In <u>Carpenter v. United States</u>, 894 F. Supp. 95, 101-02 (E.D.N.Y. 1995), a case involving a similar set of facts, the district court found that there was a potential conflict that could be waived during a <u>Curcio</u> hearing.  The Second Circuit affirmed this reasoning.  <u>Carpenter v. United States</u>, No. 95-2543, 1996 WL 308270, at *2 (2d Cir. June 10, 1996) (unpublished).  Here, the government maintains that the same potential conflict of interest arises.  Specifically, Ms. Ferrone may seek to moderate her conduct in this case to curry favor with the Office.

III. <u>The Potential Conflict Is Waivable</u>

Based on the facts now known to the government, it appears that Mr. Gabriel could waive this potential conflict of interest.  In <u>United States v. Jenkins</u>, 943 F.2d 167, 174 (2d Cir. 1991), the Second Circuit considered the potential conflict of interest where a defense attorney has applied for employment as an AUSA at the office prosecuting his client.  While the Circuit did not reach the issue whether a potential conflict of interest existed in such a circumstance, as the government had conceded the existence of a potential conflict, <u>id.</u>, the Circuit

2

affirmed the conviction of the defendant, as he had waived his right to conflict-free counsel at a Curcio hearing.

In Jenkins, the district court identified the potential conflict and held a Curcio hearing, during which it determined that the defendant made a "knowing and intelligent" waiver of the potential conflict. Id. at 176. The Circuit affirmed this determination, explaining that the record of the Curcio hearing made it "abundantly clear . . . that [the defendant] completely understood the potential risks arising from [his attorney's] application to the U.S. Attorney's Office." Id. In Jenkins, the Circuit further explained that, to ensure a waiver is knowing and intelligent, a district court should:

> advise the defendant of his right to . . . conflict-free representation, instruct the defendant as to problems inherent in being represented by an attorney with divided loyalties, allow the defendant to confer with his chosen counsel, encourage the defendant to seek advice from independent counsel, and allow a reasonable time for the defendant to make his decision.

Id. (quoting Curcio, 680 F.2d at 890).

IV. Conclusion

In light of Ms. Ferrone's potential conflict of interest, the government requests that the Court inquire of the defendant, in accordance with Curcio and its progeny, to determine whether the defendant knowingly and voluntarily waives his right to conflict-free counsel. In addition, the government

requests that the defendant be given the opportunity to consult with conflict-free counsel regarding this waiver.

                                Respectfully submitted,

                                LORETTA E. LYNCH
                                United States Attorney

                        By:  /s/ Justin D. Lerer
                                Justin D. Lerer
                                Assistant U.S. Attorney
                                (718) 254-6124

cc (by ECF):    Clerk of Court (JBW)
                Diane Ferrone, Esq.
                Roland G. Riopelle, Esq.